ANTHONY J. MEDEIROS *v.* MAUI MOTORS, LIMITED.

No. 1851.

ARGUED MARCH 13, 1929.          DECIDED MARCH 20, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is an action of assumpsit for $88.50 for commissions on the sales of three automobiles, alleged to have been negotiated by the plaintiff for the defendant. The plaintiff testified in his own behalf and it was stipulated that the three alleged purchasers if called would testify that "they purchased the cars * * * through A. J. Medeiros, the plaintiff." The manager of the defendant corporation gave testimony in its behalf. No other evidence was adduced. At the conclusion of the trial the magistrate rendered judgment for the defendant. From that judgment the plaintiff appealed direct to this court upon seventeen points of law. In his brief, however, reference is made to three points only.

The first is that "the district magistrate erred in allowing Mr. Gilman, manager of the defendant corporation, to testify what he meant by his words of hiring." While the defendant's manager was on the stand the following questions were asked and answers given: "Q. What kind of arrangement did you make with Medeiros" (the plaintiff) "as to compensation for his services? A. I told him I would pay him 5% on sales he made. Q. Was he paid any salary other than that? A. No. Q. By sales, what did you mean by sales he made? A. I mean that he was to be paid 5% on sales of automobiles at regular selling prices where the deals were oked by myself—approved by myself." By the manager's answer last above quoted the magistrate may well have understood the witness to mean that he was thereby stating more fully than he did in his first answer what the arrangement was between the plaintiff and himself,—not

that he was giving his present interpretation of what he had originally told the plaintiff but that he was repeating in greater detail the statement as he originally made it to the plaintiff.

The second is that the magistrate erred "in holding that Mr. Gilman for defendant could modify or change this verbal contract between plaintiff and defendant, without plaintiff's knowledge or consent, by imposing certain conditions upon the sales of automobiles, that is, by denying such commissions when the buyer * * * was not a responsible person, or the buyer failed to pay the consideration for the automobile or the plaintiff had sold the automobile for less than the regular selling price, although the contract calling for the reduction was approved by the defendant before the sale and delivery of the automobile was made." There is no evidence in the record to sustain the assertion that the defendant's manager attempted to change the terms of his contract with the plaintiff by imposing conditions after the sales were made. In so far as there was a conflict between the testimony of the manager and that of the plaintiff the magistrate evidently believed the manager and the testimony of the manager was that the plaintiff was to be paid a commission "on sales of automobiles at regular selling prices where the deals were * * * approved by myself." The sale, with reference to which this point is urged, was at less than the regular selling price. The manager asked the plaintiff to have nothing to do with the matter and told him before a sale was made that no commission would be paid to him. The sale was later made by the manager himself at considerably less than the "regular selling price" and under the terms of the contract between the plaintiff and the defendant, as testified to by the manager, commissions were not due to the plaintiff.

The third point argued is that the magistrate erred

in basing "his judgment upon the assumption that Mr. Gilman" (the manager of the defendant) "would not ruin his reputation by withholding any commission that was due the plaintiff." This statement, made by the magistrate in rendering judgment, was simply, it is obvious, his statement of his reason for placing greater reliance upon the testimony of the manager than he did upon the testimony of the plaintiff. Other considerations, in all probability, affected the magistrate in comparing the credibility of the witnesses.

Upon an appeal on points of law from the judgment of a magistrate this court is not at liberty to weigh the evidence or to rule upon the credibility of the witnesses.

The judgment appealed from is affirmed.

*M. T. Furtado* (also on the brief) for plaintiff.

*J. L. Coke* (also on the brief) for defendant.